# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT COURT OF VIRGINIA
# NORFOLK DIVISION

| | |
|---|---|
| KEITH WINSTEAD ) | Case No.: |
| ) | |
| Plaintiff, ) | SEAMAN'S COMPLAINT |
| ) | |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant ) | |

Plaintiff, complaining of the Defendant, respectfully states and alleges upon information and belief:

## Jurisdiction

1. That jurisdiction is predicated on 28 U.S.C. §1331 pursuant to the "Jones Act" 46 U.S.C. §30104 and pursuant to 28 U.S.C. §1333, admiralty and general maritime jurisdiction.

2. The United States of American "USA" has waived sovereign immunity by virtue of the Suits in Admiralty Act, 46 U.S.C. §741, e*t seq.*, and/or alternatively by virtue of the Public Vessel Act, 46 U.S.C. §781.

## Venue

3. At all times relevant Plaintiff was and still is a citizen of the United States, residing in Norfolk, Virginia.

4. The USNS PFC EUGENE A. OBREGON is presently located in her home port in Newport News, Virginia, and accordingly, venue is proper before this court.

5. USNS PFC EUGENE A. OBREGON is a vessel which at all relevant times was and is owned by the USA or an agency of USA.

6. USNS PFC EUGENE A. OBREGON is a vessel which at all relevant times was and is operated and managed by the USA or an agency of USA.

7. USNS PFC EUGENE A. OBREGON is a vessel which at all relevant times was and is controlled by the USA or an agency of USA.

8. USNS PFC EUGENE A. OBREGON is a vessel which at all relevant times was operated and managed pursuant to a written contract between the US Navy Military Sealift Command or another agency of the USA and Keystone Shipping Co.

9. At all relevant times Keystone Shipping Co., as agents for the defendant, hired the seamen who manned the USNS PFC EUGENE A. OBREGON.

10. On May 10, 2016 and at all relevant times Plaintiff was employed as a seaman aboard the USNS PFC EUGENE A. OBREGON, with the rating of "Ordinary Seaman".

11. On or about May 10, 2016, the USNS PFC EUGENE A. OBREGON was in the process of docking "port side to" at the dock in Cape Verde, Africa.

12. On or about May 10, 2016, Plaintiff was ordered by the Captain to surge the bow line.

13. The bow line popped off the bit and hit the Plaintiff in the leg and knocked him to the deck.

14. On or about May 10, 2016, Plaintiff reported that he had sustained injury.

15. Plaintiff was treated on the ship with ice and heat and was put on light duty for the remainder of the voyage.

16. A post-accident investigation was made as to the facts and circumstances of the accident reported by or on behalf of the Plaintiff.

17. The post-accident investigation included photographs and statements of witnesses

18. Defendant by its agents, servants and employees, owned, operated, managed or controlled the vessel involved in Plaintiff's accident.

19. Plaintiff injuries were caused by the negligence of the Defendant, its agents, servants, employees, officers and fellow seamen aboard the vessel in the following respects: attempting to dock the vessel without adequate tug boat assistance and in the face of adverse environmental conditions, and failure to provide adequate crew to accomplish the mission and providing unreasonably dangerous instructions and supervision of the mission.

20. The acts, omissions and conditions listed above rendered the USNS PFC EUGENE A. OBREGON unseaworthy.

21. Plaintiff has made several attempts to resume his seagoing employment but his symptoms have persisted. Plaintiff is presently not fit for duty and is under medical treatment for injuries sustained on or about May 10, 2016.

22. By the reason of the foregoing, Plaintiff has incurred loss of income, incurred medical expenses, pain and suffering and will incur future loss of earnings, earning potential, medical expenses, found pain and suffering. Plaintiff he is presently disabled from employment and on information and belief his injuries are permanent in nature and he will likely endure future pain and suffering for the remainder of his life.

**WHEREFORE**, Plaintiff demands judgment against the Defendant in amounts which will fairly and reasonably compensate plaintiff for the following;

a. Past and future loss of earnings, earning potential, fringe benefits and found;

b. Past and future pain and suffering including loss of quality of life,

c. Future medical expenses, and consequential damages together with costs and disbursements of this action and post-trial interest.

Dated this 6th day of January, 2017

By: _____

Richard J. Serpe, Esq. (VSB No. 33340)
Law Offices of Richard J. Serpe, P.C.
580 East Main Street, Suite 310
Norfolk, Virginia 23510
Telephone: (757) 233-0009
Facsimile: (757) 233-0455
E-mail: rserpe@serpefirm.com